UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICK PONZO, *on behalf of the Inmates of Jefferson County*,

                              Plaintiff,

v.                                                       5:19-CV-1013
                                                      (LEK/TWD)

COUNTY OF JEFFERSON,

                              Defendant.
_____

APPEARANCES:

PATRICK PONZO
 Plaintiff, *pro se*
Prisoner Identification Number: 140371
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

     *Pro se* Plaintiff Patrick Ponzo ("Plaintiff") filed a putative class action against the County of Jefferson ("Defendant" or "County") alleging Defendant violated his and all Jefferson County inmates' constitutional rights. (Dkt. No. 1.) Currently before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 2.) As noted herein, the Court grants Plaintiff's IFP Application, necessitating further review relative to whether the pleading meets 28 U.S.C. § 1915(e)'s sufficiency standards. For the reasons discussed below, the Court recommends Plaintiff's complaint be dismissed with leave to replead.

**I.     PLAINTIFF'S IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's IFP Application, the Court finds Plaintiff meets this standard. Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

**II.    SUFFICIENCY OF THE COMPLAINT**

**A.     Standard of Review**

28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A *pro se* litigants' pleadings are held to a less strict standard than attorney drafted pleadings. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Because Petitioner is proceeding *pro se*, the Court construes his pleadings "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### B. Summary of the Complaint

Plaintiff alleges he has been denied the opportunity to attend court conferences. (Dkt. No. 1 at 4.) According to Plaintiff, he has told his lawyer he wants to be at court conferences, but his lawyer told him the "judge only transports people to court for plea deals." (*Id*.) He states he missed two court conferences and one motion date. (*Id*.) Plaintiff alleges multiple people on his housing unit are also missing court conferences and are often unaware when their court conferences take place. (*Id*.) Plaintiff posits inmates in County jail have not been transported to their conferences for 20 years. (*Id*.) According to Plaintiff, the inmates' inability to attend important conferences has led to an increase in the overall conviction rate in Jefferson County.

(*Id.*)  He further alleges the County intentionally holds back discovery material from defendants. (*Id.*)

Based on these allegations, Plaintiff brings the following claims against the County pursuant to 42 U.S.C. § 1983 ("Section 1983"): (1) denial of due process rights; and (2) conspiring to interfere with civil rights.  (Dkt. No 1 at 5.)  Furthermore, Plaintiff indicated he intends his complaint to be a class action.  (Dkt. No. 1-1.)

### C.  Analysis

As recounted above, Plaintiff commenced this action pursuant to Section 1983, alleging claims sounding in denial of his due process rights and conspiracy to violate his constitutional rights.  (Dkt. No. 1 at 5-6.)  Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)).  "Section 1983 'is not itself a source of substantive rights[,]' . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 (1979)).  To state a claim pursuant to Section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

As a threshold matter, Plaintiff names only a single defendant in this suit: the County of Jefferson.  (Dkt. No. 1.)  While amenable to suit under Section 1983, the County may not be held liable under that section for the acts of its employees based on a theory of *respondeat superior*.

*Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, to sustain a Section 1983 claim against a municipality, such as the County, a plaintiff must show that he suffered a constitutional violation, and the violation resulted from an "official policy or custom." *Monell*, 436 U.S. at 694-695. An "official policy or custom" can be shown in several ways including the following: (1) a formal policy the municipality officially endorses; (2) actions government officials who are responsible for establishing municipal policies take related to the particular deprivation in question; (3) a practice so consistent and widespread it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a policymaker's failure to train or supervise subordinates to such an extent it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees. *Dorsett–Felicelli, Inc. v. Cty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing *Monell*, 436 U.S. at 690-91).

With these standards in mind, the Court turns to whether Plaintiff's allegations against the County state a claim for relief.

Plaintiff's first claim asserts he has been denied access to court conferences. "'A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner.'" *United States v. Canady*, 126 F.3d 352, 360 (2d Cir. 1997) (quoting *Lewis v. United States*, 146 U.S. 370, 372 (1892)). This right is "rooted to a large extent in the Confrontation Clause of the Sixth Amendment," *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (*per curiam*), but due process also protects the right of a defendant to "be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge," *Snyder v. Massachusetts*, 291 U.S. 97, 105–06 (1934), *overruled in part on other grounds by Malloy v.*

*Hogan*, 378 U.S. 1 (1964). The right is not unqualified, and it does not exist where the defendant's "presence would be useless, or the benefit but a shadow." *Snyder*, 291 U.S. at 106–07. But "at all stages of the proceedings where fundamental fairness might be thwarted by [the defendant's] absence," there is a right to be present. *Faretta v. California*, 422 U.S. 806, 816 (1975).

Notably, a criminal defendant's presence is not required "in circumstances involving matters of law or procedure that have no potential for meaningful input from a defendant." *DePallo v. Burge*, 296 F. Supp. 2d 282, 289 (E.D.N.Y. 2003). In other words, a critical element of a putative claim regarding attendance at court conferences is the *nature* of the various proceedings allegedly missed because denying a defendants' access to a purely legal court conference does not offend his or her constitutional rights. *See id.* Here, Plaintiff's complaint does not describe the court conferences he was allegedly not allowed to attend. Without these crucial factual allegations, his complaint fails to state a constitutional violation and instead complains of conduct that is facially constitutional. Accordingly, the Court recommends this claim be dismissed with leave to replead to provide additional details regarding the court conferences he allegedly missed.

As to his second claim, it is well settled that a Section 1983 conspiracy claim must be brought against the actors involved in the conspiracy and cannot be brought against employees of a single corporate body acting within the scope of their employment. *Nassau County Employee "L" v. County of Nassau*, 345 F. Supp. 2d 293, 304 (E.D.N.Y. 2004). As such, Plaintiff's conspiracy claim is facially defective as it is pled against the County alone and not the parties involved in the conspiracy.

Nonetheless, even if properly pled against the appropriate individuals and entities, a plaintiff's Section 1983 conspiracy claim must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002).

Here, Plaintiff's conspiracy claim lacks specifics and fails to allege any overt act done in furtherance of an alleged conspiracy to deprive him of his constitutional rights. He has not provided any details of time and place or the actors involved or any other facts that could enable the court to infer a valid conspiracy claim. Accordingly, the Court finds Plaintiff's conspiracy claim would not survive a motion to dismiss even if properly pleaded against the correct individuals. Thus, the Court recommends this claim be dismissed with leave to replead.[1]

## III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application but recommends Plaintiff's complaint be dismissed with leave to replead.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**;[2] and it is further

**RECOMMENDED** that the Complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is further

---

[1] To the extent Plaintiff intended to assert an independent claim relative to the County's alleged failure to provide discovery material (Dkt. No. 1 at 4), the Court finds his claim is too conclusory to survive initial review and recommends it be dismissed with leave to replead. Furthermore, the Court declines to consider Plaintiff's class action allegations at this time given its recommendation to dismiss his complaint with leave to replead.

[2] Plaintiff should note that although his IFP application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: September 20, 2019
      Syracuse, New York

*Therèse Wiley Dancks*
United States Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).