UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICK PONZO, *on behalf of the
Inmates of Jefferson County*,

                                      Plaintiff,

    -against-                                    5:19-CV-1013 (LEK/TWD)

COUNTY OF JEFFERSON,

                                      Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Patrick Ponzo brings this putative class action under 42 U.S.C. § 1983, alleging that Jefferson County, New York, has violated the rights of County inmates by refusing to transport them to court for attendance at judicial proceedings. Dkt. No. 1 ("Complaint"). Plaintiff has also filed a motion to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application"). The Honorable Thérèse Wiley Dancks, United States Magistrate Judge, granted Plaintiff's IFP Application, reviewed the sufficiency of Plaintiff's Complaint under 28 U.S.C. § 1915(e), and recommended that the Complaint be dismissed with leave to replead for failure to state a claim. Dkt. No. 4 ("Report-Recommendation").

Judge Dancks advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections to the Report-Recommendation, and that "failure to object to [the Report-Recommendation] within fourteen days w[ould] preclude appellate review." R. & R. at 8. Plaintiff did not file any objections to the Report-Recommendation, see generally Dkt., instead filing an amended complaint before the Court reviewed the Report-Recommendation, Dkt. No. 5 ("Amended Complaint"). The Court now adopts the Report-Recommendation in its

entirety, deems the Amended Complaint the operative pleading, and refers the Amended Complaint to Judge Dancks for sufficiency review under § 1915(e).

## II. STANDARD OF REVIEW

### A. Review of the Magistrate's Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

### A. Report-Recommendation

Plaintiff filed no objections to the Report-Recommendation. See generally Dkt. Accordingly, the Court has reviewed the Report-Recommendation for clear error, and it finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

### B. Amended Complaint

A party may amend a pleading once "as a matter of course" within twenty-one days after service. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, because Plaintiff filed his Amended Complaint before the original Complaint had been served, he could file the Amended Complaint "as a matter of course," and there was no need to seek leave of Court. See Smith v. Pines, No. 17-CV-286, 2017 WL 2616956, at *1, *1 n.1 (N.D.N.Y. June 16, 2017) (stating, at the § 1915(e) sufficiency review stage, "Plaintiff has not filed an Objection to the Report-Recommendation, [but] . . . [i]nstead . . . has filed an Amended Complaint . . . . The Court notes that, [when plaintiff] filed his Amended Complaint, [he] had not yet served his original Complaint, eliminating the need for a motion to amend.") (citing Smith v. Schweiloch, 12-CV-3253, 2012 WL 2277687, at *3 (S.D.N.Y. June 18, 2012) ("The complaint has not yet been served. Smith therefore does not need to seek the Court's leave to file an amended complaint.")). The Court therefore deems the Amended Complaint to be the operative pleading and refers the Amended Complaint to Judge Dancks for review. See Williams v. Norris, No. 18-CV-349, 2018 WL 5843155, at *1 (N.D.N.Y. Nov. 8, 2018) (after adopting magistrate judge's report-recommendation on the sufficiency of plaintiff's original complaint, referring amended complaint filed in lieu of objections back to magistrate for sufficiency review).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 5) is deemed the operative pleading; and it is further

**ORDERED**, that Plaintiff's Amended Complaint is referred to Magistrate Judge Dancks for review under 28 U.S.C. § 1915(e); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    November 12, 2019
             Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge