UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICK PONZO, *on behalf of the Inmates of Jefferson County,*

                      Plaintiff,

v.                                                          5:19-CV-1013
                                                               (LEK/TWD)

COUNTY OF JEFFERSON,

                      Defendant.
_____

APPEARANCES:

PATRICK PONZO
 Plaintiff, *pro se*
Prisoner Identification Number: 140371
Jefferson County Jail
753 Waterman Drive
Watertown, New York 13601

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

On September 20, 2019, this Court granted Patrick Ponzo's ("Plaintiff") motion to proceed *in forma pauperis* and recommended his complaint (Dkt. No. 1) be dismissed with leave to replead. (Dkt. No. 4.) Plaintiff thereafter filed an amended complaint on October 23, 2019. (Dkt. No. 5.) The Honorable Lawrence E. Kahn, Senior District Judge, adopted this Court's recommendations and deemed Plaintiff's amended complaint as the operative pleading, necessitating further review pursuant to 28 U.S.C. § 1915(e). (Dkt. No. 6.) For the reasons discussed below, the Court finds Plaintiff's amended complaint still fails to state a claim for relief and recommends dismissing the complaint with leave to replead.

**I.      SUMMARY OF THE AMENDED COMPLAINT**

Like his original complaint, Plaintiff's amended complaint asserts he has been denied access to court conferences and the right to proceed *pro se*. (Dkt. No. 5.) To that end, Plaintiff asserts he wrote his lawyer to tell him he would like to take an active role in his case. *Id*. at 3. According to Plaintiff, he wanted to proceed *pro se* but has so far been ignored. *Id*.

Plaintiff further asserts inmates are "never transported to conferences unless it's for a plea agreement[.]" *Id*. at 4. Plaintiff contends certain hearings are rarely held and inmate communication is usually ignored. *Id*. He further argues criminal defendants are not told what their legal proceedings are about but are rather encouraged to plead to charges. *Id*.

Plaintiff claims he was scheduled for a conference on June 25, 2019, but did not attend and does not know what it was about. *Id*. at 5. Plaintiff asserts he wrote the court on July 25, 2019, to request to proceed *pro se* but was ignored. *Id*.

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, against only one defendant, Jefferson County (the "County"). The Court construes his amended complaint as asserting the following two claims: (1) that the County has a policy to deprive pre-trial detainees of their opportunity to be present at certain pre-trial conferences; and (2) that his lawyer, the district attorneys, and judges conspired to deprive him his due process right to access the courts and participate in his own defense.[1] As discussed below, the § 1983 claims against the County fail as a matter of law because Plaintiff's conclusory allegations could not withstand a motion to dismiss.

---

[1] As before, Plaintiff styles his amended complaint as a putative class action. Given its recommendation to dismiss the amended complaint, the Court declines to address whether this action could proceed as a class action.

**II.     DISCUSSION**

    **A.     Access to Court Conferences**

With respect to Plaintiff's first claim, he did not fix the errors described in this Court's original Order and Report-Recommendation regarding the nature of the court proceedings he is not being permitted to attend.  As the Court previously stated, criminal defendants are only entitled "to be present . . . whenever [their] presence has a relation, reasonably substantial, to the fullness of [their] opportunity to defend against the charge."  *Snyder v. Massachusetts*, 291 U.S. 97, 105–06 (1934), *overruled in part on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964).  Importantly, the right does not exist where the defendant's "presence would be useless, or the benefit but a shadow."  *Snyder*, 291 U.S. at 106–07.  Rather, "at all stages of the proceedings where fundamental fairness might be thwarted by [the defendant's] absence," there is a right to be present.  *Faretta v. California*, 422 U.S. 806, 816 (1975).  Thus, because a criminal defendant's presence is not required "in circumstances involving matters of law or procedure that have no potential for meaningful input from a defendant," *DePallo v. Burge*, 296 F. Supp. 2d 282, 289 (E.D.N.Y. 2003), a critical element of a putative claim regarding attendance at court conferences is the *nature* of the various proceedings allegedly missed.

The Court dismissed Plaintiff's original claim because he only provided vague descriptions of a conference he did not attend.  (Dkt. No. 4.)  The Court specifically suggested Plaintiff amend his complaint "to provide additional details regarding the court conferences he allegedly missed."  *Id.* at 6.  Plaintiff failed to do so.  Rather, his amended complaint is equally vague and does not provide any relevant details about the nature of the court conferences he purportedly missed.  Accordingly, the Court finds Plaintiff has failed to state a claim for relief.

Out of special solicitude to Plaintiff, the Court recommends providing him one more opportunity to amend his pleading to cure these deficiencies.

      **B.**     **Conspiracy Claim**

To the extent his amended complaint seeks to hold the County liable for a conspiracy claim related to his inability to proceed *pro se* and participate in his defense, the amended complaint likewise fails. To survive a motion to dismiss on a § 1983 conspiracy claim, the plaintiff must allege (1) an agreement between two or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *See id.* at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n. 5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983."); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.").

Plaintiff's complaint does not contain any specific allegations supporting a "plausible" conspiracy claim involving his attorney and any state actors. Plaintiff's complaint is nothing more than a compilation of conclusory, vague, and general allegations of a conspiracy to deprive him of constitutional rights. "Diffuse expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ostrer v. Aronwald*, 567 F.2d 55, 533 (2d Cir. 1997).

Given the absence of anything other than conclusory allegations of conspiracy, the § 1983 conspiracy claim against the County cannot survive a motion to dismiss and the Court,

therefore, recommends dismissing this claim. Nonetheless, as with his first claim, the Court recommends giving Plaintiff one more opportunity to amend his pleadings.

### III. CONCLUSION

For the reasons stated above, the court recommends Plaintiff's complaint be dismissed with leave to replead.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that the amended complaint (Dkt. No. 5) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 21, 2020
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).