UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICK PONZO, on behalf of the
inmates of Jefferson County,

                        Plaintiff,

    -against-                                     5:19-CV-1013 (LEK/TWD)

ANTHONY J. ANNUCCI, *et al.*,

                        Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

On August 16, 2019, plaintiff Patrick Ponzo filed a putative class action against the County of Jefferson alleging violations of inmates' constitutional rights. Dkt. No. 1 ("Complaint"). On September 20, 2019, the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, granted Plaintiff's motion to proceed in forma pauperis and recommended his Complaint be dismissed with leave to replead. Dkt. No. 4 ("First Report-Recommendation"). Plaintiff thereafter filed an amended complaint on October 23, 2019. Dkt. No. 5 ("Amended Complaint"). This Court adopted Magistrate Judge Dancks's recommendations and deemed Plaintiff's Amended Complaint the operative pleading, necessitating further review pursuant to 28 U.S.C. § 1915(e). Dkt. No. 6. On May 21, 2020, Magistrate Judge Dancks recommended that the Amended Complaint be dismissed with leave to replead. Dkt. No. 7 ("Second Report-Recommendation"). For the reasons that follow, the Court adopts the Second-Report-Recommendation in its entirety.

## II.     BACKGROUND

The facts are detailed in the Second Report-Recommendation, familiarity with which is assumed. Plaintiff has not filed any objections. Docket.

## III.    STANDARDS OF REVIEW

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Section 1915(e)

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis. See id.

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555)."[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at

678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

### IV. DISCUSSION

As Plaintiff has not filed objections, the Court reviews the Second Report-Recommendation for clear error and finds none.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Second Report-Recommendation (Dkt. No. 7) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff may file a second amended complaint within thirty (30) days of this Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	December 29, 2020
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge